SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
 A Limited Liability Partnership
 Including Professional Corporations
SHANNON Z. PETERSEN, Cal. Bar No. 211426
MARK G. RACKERS, Cal. Bar No. 254242
LISA S. YUN, Cal. Bar No. 280812
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:   619.338.6500
Facsimile:   619.234.3815
E mail       spetersen@sheppardmullin.com
             mrackers@sheppardmullin.com
             lyun@sheppardmullin.com

Attorneys for Defendant
GREAT HEALTHWORKS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN BOYER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>GREAT HEALTHWORKS, INC., a Nevada corporation; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No.  '17CV0734 JAH WVG<br>(Removed from San Diego Superior Court, Case No. 37-2017-00008453-CU-MC-CTL)<br><br>CLASS ACTION<br><br>**GREAT HEALTHWORKS, INC.'S NOTICE OF REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT**<br><br>Complaint Filed: March 9, 2017 |

-1-

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Great HealthWorks, Inc. ("GHW") provides notice that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, it hereby removes to this Court the state court class action styled as *Jean Boyer v. Great Healthworks, Inc.*, San Diego Superior Court, Case No. 37-2017-00008453-CU-MC-CTL.  Filed concurrently herewith is the declaration of Andrew LaBarbera in support of removal ("LaBarbera Decl.").  The following is a listing of the pleadings to date and a short and plain statement of the grounds for removal:

**STATE COURT COMPLAINT**

1.      On March 9, 2017, Plaintiff Jean Boyer, ("Plaintiff") filed a putative class action complaint against Defendant GHW and Does 1-50, inclusive, in the Superior Court for the State of California, County of San Diego, Case No. 37-2017-00008453-CU-MC-CTL (the "Complaint").

2.      Plaintiff served the Complaint and Summons on GHW on March 13, 2017.  A copy of the Complaint and Summons are attached hereto as **Exhibit A**, which contains all of the documents served on GHW by Plaintiff and the entire state court file to date.

3.      Plaintiff claims that GHW violated California's Automatic Renewal Law ("ARL") (Cal. Bus. & Prof. Code § 17600, *et seq.*) (an alleged part of California's False Advertising Law), California's Consumers Legal Remedies Act (Cal. Civ. Code § 1761, *et seq.*) and California's Unfair Competition Law (Cal. Bus.

-2-

1  & Prof. Code § 17200, *et seq.*) by, among other things, failing to provide her and

2  members of the putative class with the company's automatic renewal or continuous

3  service offer in a clear and conspicuous manner and charging consumers' credit or

4  debit cards for the automatic renewal without first obtaining their consent to do so.

5  *See* Exhibit A.

6

7        4.     Plaintiff purports to act on behalf of "[a]ll individuals in

8  California who, within the statute of limitations period, have had a credit card, debit

9  card, and/or a third-party payment account charged by Defendants as part of an

10  automatic renewal program or a continuous service program."

11

12        5.     GHW has not yet responded to Plaintiff's Complaint.

13

14       **THIS COURT HAS JURISDICTION UNDER CAFA**

15

16        6.     Although complete diversity is not required under the Class

17  Action Fairness Act ("CAFA"), complete diversity is present in this case because

18  Plaintiff is a citizen of California and the only named Defendant, GHW, is a citizen

19  of both Nevada and Florida.  LaBarbera Decl., ¶ 3.

20

21        7.     Plaintiff's Complaint is a class action complaint.  28 U.S.C. §

22  1332(d)(2).

23

24        8.     For purposes of determining diversity jurisdiction, Plaintiff is a

25  citizen of California.  Complaint, ¶ 1.  Further, she seeks to represent a class of

26  consumers who are "individuals in California."  Complaint, ¶ 18.

27

28

9.      GHW is not a citizen of California.  GHW is a corporation, incorporated in Nevada and registered to do business in the State of Florida, with its principal place of business in Fort Lauderdale, Florida.  Complaint, ¶ 2; LaBarbera Decl., ¶ 3.

10.     For purposes of determining diversity jurisdiction, the citizenship of "Doe" defendants being sued under fictitious names is disregarded.  *See* 28 U.S.C. § 1441(a).

## THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000 AS PLED IN PLAINTIFF'S COMPLAINT AND DEMONSTRATED BY THE LABARBERA DECLARATION

11.     Jurisdiction under CAFA may exist when the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).  To determine the amount in controversy under CAFA, the Court must aggregate the claims of all class members.  *Id.*  Here, the named Plaintiff, who claims to be representative of the class members, alleges that GHW repeatedly charged consumers' credit or debit cards for its products under the company's automatic renewal program without first obtaining the consumers' consent.  *See* Complaint, ¶ 16.

12.     GHW has conducted a preliminary investigation of Plaintiff's claims and determined that California sales from the automatic renewal program exceed $5,000,000 for the last twelve months alone.  LaBarbera Decl., ¶ 7.

13.     Accordingly, the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.  *Id.*

1    **THIS NOTICE OF REMOVAL IS PROCEDURALLY PROPER**

2

3          14.    In accordance with 28 U.S.C. 1446(a), all copies of papers filed

4    in the State Court action as of the filing of this Notice of Removal are attached to

5    this Notice.

6

7          15.    Pursuant to 28 U.S.C. 1446(b)(2)(B), GHW had 30 days from

8    March 13, 2017—the date of service of the Complaint and Summons—to file its

9    Notice of Removal, i.e. until April 12, 2017.  Thus, GHW'S Notice of Removal is

10   timely.

11

12         16.    Venue in this Court is proper pursuant to 28 U.S.C. § 1446(a)

13   because this action was removed from San Diego County Superior Court, located

14   within the District and Division of the Court.

15

16         17.    Pursuant to 28 U.S.C. § 1446(d), GHW is providing written

17   notice to Plaintiff of the removal of this action.

18

19         18.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of

20   Removal is being filed with the Clerk of the Superior Court of the State of

21   California, County of San Diego.

22

23         19.    GHW is the only named defendant in this action.  GHW is not

24   required to investigate the identity of the unnamed defendants or to obtain their

25   consent for removal.  *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691

26   (9th Cir. 1998).  In any event, no Doe defendant has been served.  GHW is not

27   required to obtain consent to remove from defendants who have not been served.

28

1    *See* 28 U.S.C. § 1446(b); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d
2    1423, 1429 (9th Cir. 1984).

3

4    ### CONCLUSION

5

6          For all of the reasons set forth above, GHW removes the original action
7    brought by Plaintiff in the Superior Court of the State of California for the County
8    of San Diego to this Court.

9

10   Dated:  April 12, 2017

11                 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

12

13               By                *s/Mark G. Rackers*
14                       SHANNON Z. PETERSEN
                         MARK G. RACKERS
15                       LISA S. YUN

16                       Attorneys for Defendant
17                       GREAT HEALTHWORKS, INC.
                         Email: spetersen@sheppardmullin.com
18                       mrackers@sheppardmullin.com
19                       lyun@sheppardmullin.com

20

21

22

23

24

25

26

27

28

                          GHW'S NOTICE OF REMOVAL OF ACTION

# EXHIBIT A

# Part 1
# Complaint

1  JAMES T. HANNINK (131747)
   jhannink@sdlaw.com
2  ZACH P. DOSTART (255071)
   zdostart@sdlaw.com
3  DOSTART HANNINK & COVENEY LLP
   4180 La Jolla Village Drive, Suite 530
4  La Jolla, California 92037-1474
   Tel: 858-623-4200
5  Fax: 858-623-4299

6  Attorneys for Plaintiff

7

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/09/2017** at 12:29:42 PM

Clerk of the Superior Court
By Patrick Gonzaga, Deputy Clerk

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   COUNTY OF SAN DIEGO

10

11  JEAN BOYER, individually and on behalf of       CASE NO.  37-2017-00008463-CU-MC-CTL
    all others similarly situated,
12                                                   **CLASS ACTION COMPLAINT FOR:**
               Plaintiff,
13                                                   **(1) FALSE ADVERTISING;**
    vs.                                              **(2) VIOLATION OF THE CALIFORNIA**
14                                                   **CONSUMERS LEGAL REMEDIES ACT;**
    GREAT HEALTHWORKS, INC., a Florida               **(3) UNFAIR COMPETITION**
15  corporation; and DOES 1-50, inclusive,

16             Defendants.                           **DEMAND FOR JURY TRIAL**

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1.    Plaintiff Jean Boyer ("Plaintiff") is an individual residing in San Diego County, California.

2.    Plaintiff is informed and believes and thereon alleges that defendant Great Healthworks, Inc. ("Great Healthworks") is a Florida corporation that does business in San Diego County.

3.    Plaintiff does not know the names of the defendants sued as DOES 1 through 50 but will amend this complaint when that information becomes known.  Plaintiff alleges on information and belief that each of the DOE defendants is affiliated with the named Defendant in some respect and is in some manner responsible for the wrongdoing alleged herein, either as a direct participant, or as the principal, agent, successor, alter ego, or co-conspirator of or with the named defendant.  For ease of reference, Plaintiff will refer to the named Defendant and the DOE defendants collectively as "Defendants."

4.    Venue is proper in this Court because the liability arose in San Diego County.

## THE CALIFORNIA AUTOMATIC RENEWAL LAW

5.    In 2009, in response to the increasing number of consumer complaints about unwanted charges to credit cards for products or services that consumers did not explicitly request or know they were agreeing to, the California Legislature passed Senate Bill 340, which took effect on December 1, 2010 as Cal. Bus. & Prof. Code § 17600 *et seq.* (the California Automatic Renewal Law ("ARL")).  By enacting the ARL, the Legislature sought to protect consumers from *becoming enrolled without their consent in "automatic renewal" or "continuous service"* subscriptions or programs.

6.    The ARL seeks to ensure that, before there can be a legally-binding automatic renewal or continuous service arrangement, there must first be adequate disclosure of certain terms and conditions and affirmative consent by the consumer.  To that end, *Cal. Bus. & Prof. Code* § 17602(a) makes it unlawful for any business making an automatic renewal offer or a continuous service offer to a consumer in California to do any of the following:

(1) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is

1  fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal

2  proximity, to the request for consent to the offer. For this purpose, "clear and conspicuous" means

3  "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding

4  text of the same size, or set off from the surrounding text of the same size by symbols or other

5  marks, in a manner that clearly calls attention to the language." Cal. Bus. & Prof. Code

6  § 17601(c). In the case of an audio disclosure, 'clear and conspicuous' means in a volume and

7  cadence sufficient to be readily audible and understandable." *Ibid.*

8       (2) Charge the consumer's credit or debit card or the consumer's account with a

9  third party for an automatic renewal or continuous service without first obtaining the consumer's

10 affirmative consent to the agreement containing the automatic renewal offer terms or continuous

11 service offer terms.

12      (3) Fail to provide an acknowledgment that includes the automatic renewal or

13 continuous service offer terms, cancellation policy, and information regarding how to cancel in a

14 manner that is capable of being retained by the consumer. If the offer includes a free trial, the

15 business shall also disclose in the acknowledgment how to cancel and allow the consumer to

16 cancel before the consumer pays for the goods or services.

17     7.    Cal. Bus. & Prof. Code § 17602(b) requires that the acknowledgment specified in

18 § 17602(a)(3) include a toll-free telephone number, electronic mail address, or other mechanism

19 for cancellation.

20        **PLAINTIFF'S EXPERIENCE WITH GREAT HEALTHWORKS**

21     8.    In or about March 2013, Plaintiff, who is 89 years old, saw Defendants'

22 advertisement on television for Defendants' product, Omega XL. The advertisement was for a

23 "discounted" bottle of Omega XL. Plaintiff's husband, who is 93 years old, had recently returned

24 from the hospital, and Plaintiff was hopeful that Omega XL would help him feel better. Plaintiff

25 called the telephone number displayed on the television screen and ordered Omega XL for her

26 husband. After Plaintiff's husband took the product as indicated on the bottle, Plaintiff did not

27 notice any improvement in her husband's condition. Approximately one month after placing the

28 initial telephone order, Plaintiff received another bottle of Omega XL in the mail, and then noticed

3

1  that her credit card had been charged for the additional bottle without her knowledge or consent.

2      9.    At the time Plaintiff placed her telephone order, Plaintiff was not informed nor was

3  she aware that Defendants had enrolled her in a automatically renewing monthly subscription of

4  Defendants' product.  Plaintiff called Defendants to inform them that the product was not working

5  and that she wanted to return her remaining Omega XL for a refund, and that she wanted to cancel

6  any further shipments and automatically recurring charges to her credit card.

7      10.    Unfortunately, Defendants make it very difficult for consumers to cancel auto-

8  shipments and to receive refunds for product that was not ordered.  Plaintiff placed at least three

9  calls to Defendants to cancel further shipments and stop the charges to her credit card, but

10  Defendants' representatives refused to comply with those requests.  Instead, Defendants'

11  representatives insisted that Plaintiff's husband should "take more pills" to achieve Defendants'

12  claimed effect.  Defendants' representatives told Plaintiff stories about grandparents, parents or

13  other family members who took the product in a certain manner and, after doing so, (supposedly)

14  had their ailments cured.  At one point, Defendants agreed to suspend shipments to Plaintiff for a

15  few months, but the shipments resumed thereafter.  Eventually, after Plaintiff made numerous calls

16  to Defendants to try to cancel further shipments, Defendants finally relented and removed Plaintiff

17  from the auto-shipment program.

18      11.    Defendants never obtained Plaintiff's consent to enroll Plaintiff in Defendants'

19  automatically renewing monthly subscription program.  Neither the television advertisement or the

20  customer service representative who took Plaintiff's order over the phone informed her that upon

21  making the initial purchase, Defendants would enroll her in an automatically renewing

22  subscription that would result in monthly charges to Plaintiff's credit card.

23      12.    Had Plaintiff been informed at the outset that Defendants intended to enroll her in

24  an automatically renewing monthly subscription, Plaintiff would not have provided her credit card

25  information, would have declined to be enrolled in Defendants' automatically renewing monthly

26  subscription program, and would not have incurred the credit card charges posted by Defendants.

27  ///

28  ///

4

CLASS ACTION COMPLAINT

## DEFENDANTS' MARKETING PRACTICES

13.    As explained below, Defendants engaged and continue to engage in deceptive business practices, including enrolling consumers in an automatically-renewing monthly purchase program without their consent and in violation of California law.

14.    Defendants' television advertisements generally feature elderly celebrities (such as Dottie Peoples and Larry King) who claim that Defendants' products, such as Omega XL, cured them of ailments. The television advertisements display a toll-free telephone number for placing orders. However, the television advertisements do not disclose that a consumer who calls to place an order will be enrolled in an automatically-renewing monthly subscription.

15.    The difficulty that Plaintiff experienced in trying to cancel her enrollment in the auto-shipment program and receive a refund, as described above, appears to be Defendants' standard way of doing business. For example, a former employee of Great Healthworks posted an employment review on the website www.great-healthworks.reviews that states, in part:

> …During training, we all found out that this is hard core retention and not customer service…I was put on the sales floor and was told to stop people from canceling their automatic payments…I was told by my supervisor to just make up lies to get them off the phone and not to cancel their service or else I would be fired…
>
> I was later fired during the fourth week because I requested a refund for a senior citizen who is on a fixed income who was never told about the reoccuring charge to her bank account.

A true and correct printout of that review is attached as *Exhibit 1*. A number of similar reviews and complaints posted by current or former employees of Great Healthworks appear on websites such as Glassdoor.com and Indeed.com, and describe similar business practices by Defendants.

16.    *An Internet website that specializes in consumer reviews and complaints reflects at least 109 reviews of Great Healthworks.*[1] A review dated January 5, 2016, states:

> Ordered arthritis supplement and saw nowhere either on the television commercial or website that you are signing up for

---

[1] "BBB Accredited Business Profile – Great Healthworks," *available at* https://www.org.south-east-florida/business-reviews/health-and-wellness/great-healthworks-in-fort-lauderdale-fl/reviews and complaints (last accessed March 7, 2017).

5

1
2
3
4
5

> ongoing automatic orders! The website and TV commercial both say you get two bottles of Omega XL for the price of one, $49.95 plus shipping and handling, that much is true. It says, if not completely satisfied your initial order can be returned within 90 days of purchase. NOWHERE does it say you are signing on for automatic continuing shipments...There were two bottles of 60 each, there hasn't even been enough time to use all those yet. This time they charge my debit card over 68 dollars. Shouldn't a company have to tell you if you are signing on for continuing charges?

6  A true and correct printout of that consumer complaint is attached as Exhibit 2.

7      17.    Plaintiff is informed and believes and thereon alleges that, in connection with
8  advertisements, marketing materials, and/or offers directed to California consumers, and with the
9  use of information submitted by California consumers in response to such advertisements,
10  marketing materials, and/or offers, Defendants have charged the consumers' credit cards, debit
11  cards, and/or third-party payment accounts without authorization under the guise that the
12  consumers were enrolled in memberships that automatically renew and/or provide for continuous
13  service until cancelled by the consumer when, in fact, the advertisements, marketing materials,
14  offers, and subsequent charges associated therewith were and are in violation of California law.
15  Plaintiff is informed and believes and thereon alleges that Defendants engage in such practices
16  knowingly and willfully.

17                          **CLASS ACTION ALLEGATIONS**

18      18.    Plaintiff brings this lawsuit as a class action under Code of Civil Procedure § 382.
19  Plaintiff seeks to represent the following Class: "All individuals in California who, within the
20  statute of limitations period, have had a credit card, debit card, and/or a third-party payment
21  account charged by Defendants as part of an automatic renewal program or a continuous service
22  program."

23      19.    Ascertainability.    The members of the Class may be ascertained by reviewing
24  records in the possession of Defendants and/or third parties, including without limitation
25  Defendants' marketing and promotion records, Defendants' customer records, and Defendants'
26  shipment and billing records.

27      20.    Common Questions of Fact or Law. There are questions of fact or law that are
28  common to the members of the class, which predominate over individual issues.    Common

6

1   questions regarding the class include, without limitation: (1) Defendants' policies, practices and
2   procedures for obtaining affirmative consent from customers before charging a credit card, debit
3   card, or third-party payment account for an automatic renewal or continuous service; (2) whether
4   Defendants presented the automatic renewal offer terms or continuous service offer terms in a
5   manner that is "clear and conspicuous" within the meaning of California law and in "visual
6   proximity" to the request for consent to the offer (or in the case of an offer conveyed by voice, in
7   temporal proximity to the request for consent to the offer); (3) Defendants' policies, practices, and
8   procedures for providing consumers with an acknowledgment that includes the automatic renewal
9   or continuous service offer terms, the cancellation policy, and information regarding how to
10  cancel, in a manner that is capable of being retained by the consumer; (4) Defendants' record-
11  keeping practices; and (5) the appropriate remedies for Defendants' conduct.

12      21.   Numerosity.  The Class is so numerous that joinder of all Class members would be
13  impracticable.  Plaintiff is informed and believes and thereon alleges that the Class consists of at
14  least 100 members.

15  ·   22.   Typicality and Adequacy.   Plaintiff's claims are typical of the claims of the
16  members of the Class.  Plaintiff alleges on information and belief that Defendants enrolled Class
17  members in automatic renewal or continuous service offer programs without presenting the
18  applicable terms in the manner required by law, charged Class members' credit cards, debit cards,
19  or third-party accounts without first obtaining the Class members' affirmative consent, and failed
20  to provide the requisite acknowledgment in a manner capable of being retained by the Class
21  members.  Plaintiff has no interests that are adverse to those of the other Class members.  Plaintiff
22  will fairly and adequately protect the interests of the Class members.

23      23.   Superiority.   A class action is superior to other methods for resolving this
24  controversy.  Because the amount of restitution to which each Class member may be entitled is
25  low in comparison to the expense and burden of individual litigation, it would be impracticable for
26  Class members to redress the wrongs done to them without a class action forum.  Furthermore, on
27  information and belief, Class members do not know that their legal rights have been violated.
28  Class certification would also conserve judicial resources and avoid the possibility of inconsistent

7

1 judgments.

2     24.    Defendants have acted on grounds that are generally applicable to the Class,

3 thereby making appropriate final injunctive relief and/or declaratory relief with respect to the class

4 as a whole.

5 **FIRST CAUSE OF ACTION**

6 False Advertising

7     25.    Plaintiff incorporates the previous allegations as though fully set forth herein.

8     26.    The California Automatic Renewal Law, Cal. Bus. & Prof. Code § 17600 *et seq.*,

9 became effective on December 1, 2010 as part of the California False Advertising Law.

10     27.    Cal. Bus. & Prof. Code § 17501(a) defines the term "automatic renewal" as

11 meaning "a plan or arrangement in which a paid subscription or purchasing agreement is

12 automatically renewed at the end of a definite term for a subsequent term."

13     28.    Cal. Bus. & Prof. Code § 17601(b) defines "automatic renewal offer terms" as

14 meaning "the following clear and conspicuous disclosures: (1) That the subscription or purchasing

15 agreement will continue until the consumer cancels. (2) The description of the cancelation policy

16 that applies to the offer. (3) The recurring charges that will be charged to the consumer's credit or

17 debit card or payment account with a third party as part of the automatic renewal plan or

18 arrangement, and that the amount of the charge may change, if that is the case, and the amount to

19 which the charge will change, if known. (4) The length of the automatic renewal term or that the

20 service is continuous, unless the length of the term is chosen by the consumer. (5) The minimum

21 purchase obligation, if any."

22     29.    Cal. Bus. & Prof. Code § 17601(e) defines the term "continuous service" as

23 meaning "a plan or arrangement in which a subscription or purchasing agreement continues until

24 the customer cancels the service."

25     30.    Cal. Bus. & Prof. Code § 17601(c) defines the terms "clear and conspicuous" and

26 "clearly and conspicuously" to means "in larger type than the surrounding text, or in contrasting

27 type, font, or color to the surrounding text of the same size, or set off from the surrounding text of

28 the same size by symbols or other marks, in a manner that clearly calls attention to the language.

8

1  In the case of an audio disclosure, 'clear and conspicuous' and 'clearly and conspicuously' means
2  in a volume and cadence sufficient to be readily audible and understandable."

3      31.    Cal. Bus. & Prof. Code § 17602(a) makes it unlawful for any business making an
4  automatic renewal offer or a continuous service offer to a consumer in California to do any of the
5  following:

6      (1)    Fail to present the automatic renewal offer terms or continuous service offer
7  terms in a clear and conspicuous manner before the subscription or purchasing agreement is
8  fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal
9  proximity, to the request for consent to the offer.

10      (2)    Charge the consumer's credit or debit card or the consumer's account with a
11  third party for an automatic renewal or continuous service without first obtaining the consumer's
12  affirmative consent to the agreement containing the automatic renewal offer terms or continuous
13  service offer terms.

14      (3)    Fail to provide an acknowledgment that includes the automatic renewal or
15  continuous service offer terms, cancellation policy, and information regarding how to cancel in a
16  manner that is capable of being retained by the consumer.  If the offer includes a free trial, the
17  business shall also disclose in the acknowledgment how to cancel and allow the consumer to
18  cancel before the consumer pays for the goods or services.

19      32.    In the case of a material change in the terms of an automatic renewal or continuous
20  *service offer that has been accepted, Cal. Bus. & Prof. Code § 17602(c) makes it unlawful to fail*
21  to provide the consumer with a clear and conspicuous notice of the material change.

22      33.    Cal. Bus. & Prof. Code § 17603 provides: "In any case in which a business sends
23  any goods, wares, merchandise, or products to a consumer, under a continuous service agreement
24  or automatic renewal of a purchase, without first obtaining the consumer's affirmative consent as
25  described in Section 17602, the goods, wares, merchandise, or products shall for all purposes be
26  deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner
27  he or she sees fit without any obligation whatsoever on the consumer's part to the business,
28

1  including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares,

2  merchandise, or products to the business."

3       34.    Plaintiff is informed and believes and thereon alleges that, during the applicable

4  statute of limitations period, Defendants have enrolled consumers, including Plaintiff and Class

5  members, in automatic renewal programs and/or continuous service programs and have (a) failed

6  to present the automatic renewal or continuous service offer in a clear and conspicuous manner

7  before the subscription or purchasing agreeing is fulfilled and in visual proximity, or in the case of

8  an offer conveyed by voice, in temporal proximity, to the request for consent to the offer;

9  (b) charged the consumer's credit or debit card or the consumer's third-party payment account for

10  an automatic renewal or continuous service without first obtaining the consumer's affirmative

11  consent to the agreement containing the automatic renewal offer terms or continuous service offer

12  terms; (c) failed to provide an acknowledgment that includes the automatic renewal or continuous

13  service offer terms, cancellation policy, and information regarding how to cancel in a manner that

14  is capable of being retained by the consumer; and/or (d) in the case of a material change in the

15  terms of the automatic renewal or continuous service offer, failed to provide a clear and

16  conspicuous notice of the material change and provide information regarding how to cancel in a

17  manner that is capable of being retained by the consumer, all in violation of Cal. Bus. & Prof.

18  Code § 17602.

19       35.    As a result of Defendants' conduct, pursuant to Cal. Bus. & Prof. Code § 17603,

20  *Plaintiff and Class members are entitled to restitution of all amounts that Defendants charged to*

21  Plaintiff's and Class members' credit cards, debit cards, or third-party payment accounts during

22  the four years preceding the filing of this Complaint and continuing until Defendants' statutory

23  violations cease.

24       36.    As a result of Defendants' conduct, pursuant to *Cal. Bus. & Prof. Code § 17535,*

25  Plaintiff and the Class members are entitled to an injunction enjoining Defendants from making

26  offers to California consumers that do not comply with California law, from making charges to

27  credit cards, debit cards, or third-party accounts without prior affirmative consent to an agreement

28  containing "clear and conspicuous" disclosures of the automatic renewal offer terms or continuous

1 | service offer terms, and from failing to provide information regarding how to cancel in a manner
2 | that is capable of being retained by the consumer.

3 | **SECOND CAUSE OF ACTION**

4 | Violation of the Consumers Legal Remedies Act

5 | 37.     Plaintiff incorporates the previous allegations as though fully set forth herein.

6 | 38.     Plaintiff and the Class members are "consumers" within the meaning of Cal. Civil
7 | Code § 1761(d) in that Plaintiff and the Class members sought or acquired Defendants' goods
8 | and/or services for personal, family, or household purposes.

9 | 39.     Defendants' products and services are "goods" and "services" within the meaning
10 | of Cal. Civil Code § 1761(a) and (b).

11 | 40.     The purchases by Plaintiff and Class members are "transactions" within the
12 | meaning of Cal. Civil Code § 1761(e).

13 | 41.     Defendants have violated Cal. Civil Code § 1770, subdivisions (a)(5), (a)(9),
14 | (a)(13), (a)(14), (a)(17), and (a)(19), by representing that Defendants' goods and/or services have
15 | certain characteristics that they do not have; advertising goods and/or services with the intent not
16 | to sell them as advertised; making false and misleading statements of fact concerning the reasons
17 | for, existence of, and/or amounts of price reductions; representing that a transaction involves
18 | rights or obligations which it does not have; representing that the consumer will receive a rebate,
19 | discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur
20 | *subsequent to the consummation of the transaction; and inserting an unconscionable provision into*
21 | contracts.

22 | 42.     Defendants' conduct alleged herein was undertaken by Defendants with
23 | oppression, fraud, and/or malice, within the meaning of Cal. Civil Code § 3294(c).

24 | 43.     Plaintiff, on behalf of herself and all other members the Class, seek an injunction
25 | prohibiting Defendants from continuing their unlawful practices in violation of the Consumers
26 | Legal Remedies Act, as described above.

27

28

CLASS ACTION COMPLAINT

## THIRD CAUSE OF ACTION

California Unfair Competition Law

44.    Plaintiff incorporates the previous allegations as though fully set forth herein.

45.    The California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, defines unfair competition as including "any unlawful, unfair or fraudulent business act or practice."

46.    In the course of conducting business, Defendants committed "unlawful," "unfair," and/or "fraudulent" business practices by, inter alia, (a) failing to present the terms of automatic renewal or continuous service provisions to consumers before a purchasing agreement is fulfilled, and/or failing to present such terms to consumers in a clear and conspicuous manner before a purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer, in violation of Cal. Bus. & Prof. Code § 17602(a)(l); (b) charging the consumer's credit card, debit card, or third-party payment account for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing clear and conspicuous disclosures of the automatic renewal offer terms or continuous service offer terms, in violation of Cal. Bus. & Prof. Code § 17602(a)(2); (c) failing to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer, in violation of Cal. Bus. & Prof. Code § 17602(a)(3); (d) in the case of a material change in the terms of an automatic renewal or continuous service offer, failing to provide a clear and conspicuous notice of the material change and/or to provide information regarding how to cancel in a manner that is capable of being retained by the consumer, in violation of Cal. Bus. & Prof. Code § 17602(c); (e) representing that defendant's goods and services have certain characteristics that they do not, in violation of Cal. Civil Code § 1770(a)(5); (f) advertising goods or services with the intent not to sell them as advertised, in violation of Cal. Civil Code § 1770(a)(9); making false and misleading statements of fact concerning the reasons for, existence of, and/or amounts of price reductions, in violation of Cal. Civil Code § 1770(a)(13); representing that a transaction involves rights or obligations which

12

1  it does not have, in violation of Cal. Civil Code § 1770(a)(14); representing that the consumer will
2  receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on
3  an event to occur subsequent to the consummation of the transaction, in violation of Cal. Civil
4  Code § 1770(a)(17); and inserting an unconscionable provision into a contract, in violation of Cal.
5  Civil Code § 1770(a)(19).   Plaintiff reserves the right to allege other violations of law that
6  constitute unlawful or unfair business acts or practices.

7      47.     Defendants' acts and omissions as alleged herein are substantially injurious to
8  consumers, offend public policy, and are immoral, unethical, oppressive, and unscrupulous as the
9  gravity of the conduct outweighs any alleged benefits attributable to such conduct.

10     48.     There were reasonably available alternatives to further Defendants' legitimate
11  business interests, other than the conduct described herein.

12     49.     Defendants' acts, omissions, nondisclosures, and misleading statements as alleged
13  herein were and are false, misleading, and/or likely to deceive the consuming public.

14     50.     Plaintiff has suffered injury in fact and lost money as a result of Defendants' acts of
15  unfair competition.

16     51.     Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff and the Class members are
17  entitled to an order: (1) requiring Defendants to make restitution to Plaintiff and the Class
18  members; (2) enjoining Defendants from charging Plaintiff's and Class members' credit cards,
19  debit cards, and/or third party payment accounts until such time as Defendants obtain the
20  consumer's affirmative consent to an agreement that contains clear and conspicuous disclosures of
21  all automatic renewal or continuous service offer terms; and (3) enjoining Defendants from
22  making automatic renewal or continuous service offers in the State of California that do not
23  comply with the California Automatic Renewal Law.

24  ///
25  ///
26  ///
27  ///
28  ///

CLASS ACTION COMPLAINT

1    **PRAYER**

2    WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

3    On the First Cause of Action:

4    1.    For restitution as alleged herein;

5    2.    For injunctive relief as alleged herein;

6    On the Second Cause of Action:

7    3.    For injunctive relief as alleged herein;

8    4.    For reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1780(e);

9    On the Third Cause of Action:

10   5.    For restitution as alleged herein;

11   6.    For injunctive relief as alleged herein;

12   On All Causes of Action:

13   7.    For reasonable attorneys' fees pursuant to Cal. Code Civ. Proc. § 1021.5;

14   8.    For costs of suit;

15   9.    For pre-judgment interest; and

16   10.   For such other relief that the Court deems just and proper.

17   Dated: March 9, 2017                    DOSTART HANNINK & COVENEY LLP

18

19                                           _____
                                             ZACH P. DOSTART
20                                           Attorneys for Plaintiff

21

22                                **DEMAND FOR JURY TRIAL**

23   Plaintiff hereby demands trial by jury on all claims so triable.

24   Dated: March 9, 2017                    DOSTART HANNINK & COVENEY LLP

25

26                                           _____
                                             ZACH P. DOSTART
27                                           Attorneys for Plaintiff

28   8011612

                                    14

CLASS ACTION COMPLAINT

Exhibit 1

# Great Healthworks's reply to:
# Great Healthworks – Lies and deception from a former employee

⚲ Hollywood, Florida  Dec 06, 2011  599 views  2 comments

## Great Healthworks' reply:

It is unfortunate that the loss of your position with us has been so difficult for you.However, the policies you describe do not correspond with those Great HealthWorks has in place.

Indeed, if our trainers behaved as described they would be disciplined – as you have learned.We would be glad to investigate the claims you have made, but you have chosen to remain anonymous.

**Hide the review ∧**

I was contacted by Great Healthworks for for a customer service position with some up-selling. I passed the interview process and was hired. Training was incomplete and unorganized. Our class had 4 different trainers for less than 2wks. One of the trainers just got out of training the 4 days earlier. We were told that they hire about 17 employees and were only going to keep about 4 or 5. During training, we all found out that this is hard core retention and not customer service. At the 3rd week I was put on the sales floor and was told to stop people from canceling their automatic payments. Most of the calls were from people that were not told about the automatic payments and people who got sick from taking these super potent omega 3 capsules. I was told by my supervisor to just make up lies to get them off the phone and not to cancel their service or else I would be fired. I was told to lie about how well its working for my family and friends. Whenever a manager was requested, I was told to say they were not available and to transfer them to voice mail where they will never get a call back.

My supervisor says, "if you would just make stuff up you would do very well here,"

I was later fired during the fourth week because I a requested a refund for a senior citizen who is on a fixed income who was never told about the reoccurring charge to her bank account.

I lost my unemployment compensation for accepting this job that was misrepresented to me.

This review is a subjective opinion of a user.

## More Review Details

Product or service
Omegaxl

Review category
Staff

review #279577 ▲ by dowhatsrightman

| Share | | | Helpful? | No | 9 | Yes | 20 |
|---|---|---|---|---|---|---|---|
| | 🐦 | f | | ✓ | 9 | ✓ | 20 |
| | ✓ | 1 | | | | | |
| | | | Had the same issue | Yes | 1 | | |
| | | | | ✓ | 1 | | |

Show comments ∨ 2

## You May Also Like

Exhibit 2

## BBB Accredited Business Profile

# Great HealthWorks, Inc.

## Business Information

(866) 449-9679

13 years in business
4150 SW 28th Way
Fort Lauderdale, FL 33312-5201

**Additional Phone Numbers**

- (800) 488-8082
- (800) 448-8082
- (866) 449-9676
- (954) 744-7400

**Additional Email Addresses**

- support@greathealthworks.com
- mdupre@greathealthworks.com

**Additional Website Addresses**

- http://www.omegaxl.com/ (http://www.omegaxl.com/)

BBB File Opened: 06/19/2006
Business Started: 12/10/2003
Business Started Locally: 02/15/2006
Business Incorporated: 02/15/2006 in FL

**Type of Entity**

Corporation

**Business Management**

- Mr. Martin Gill, Cust. Advoc. Prof.

**Contact Information**

- Principal: Mr. Ken Meares, CEO
- Customer Service: Ms. Vickie Carcaise, Director, Legal
- Mr. Miles Dupree, COO

**Business Category**

- Health & Wellness
- Health & Diet Products - Retail
- Herbs
- Health & Medical Products
- Business & Trade Organizations
- Business Consultants
- Business Services - General
- Health & Diet Food Products - Wholesale & Manufacturing

**Alternate Business Names**

- Great Health Works
- GHW Media

3/7/2017                           BBB Business Profile | Great HealthWorks, Inc. | Reviews and Complaints

### Comments

**Comment from the Business:**

May 5, 2016 BBB Complaint Department BBB of Southeast Florida & the Caribbean 4411 Beacon Circle, Ste. 4 West Palm Beach, FL 33407 Re: Review posted by ********* ***** To Whom it May Concern: We are writing in reference to the review cited above. During Ms. ********* initial sales call on March 23, 2016, the agent (not named ******* offered the $ 46.90 price she quoted. Unfortunately, while the customer made it clear that she was interested in receiving only one bottle a month, the agent mistakenly submitted an order for 2 bottles per month. This mistake is being addressed with the representative. Ms. ********* second shipment was refunded in full to her Visa account in the amount of $89.85 on April 25, 2016. Upon receipt of her review, today, we have also refunded her initial order in full in the amount of $49.90, in accordance with our 90 Day Money Back Guarantee. We apologize to Ms. ***** for the misunderstanding and any inconvenience she may have experienced. Should you need further assistance with this matter please contact this office. Sincerely, ******* **** Customer Advocacy

by Business on May. 25, 2016

Was this review helpful?   Yes   No

01/05/16

Cynthia B.

**Negative**

Ordered arthritis supplement and saw nowhere either on the television commercial or website that you are signing up for ongoing automatic orders! The website and TV commercial both say you get *two bottles of OmegaXL for the price of one, $49.95 plus* shipping and handling, that much is true. It says, if not completely satisfied your initial order can be returned within 90 days of purchase. NOWHERE does it say you are signing on for automatic continuing shipments. This is not at all fair to the consumer, if you haven't even tried this supplement how would you know if you would want to continue with it. Surely this is illegal. There were two bottles of 60 each, there hasn't even been enough time to use all those yet. This time they charge my debit card over 68 dollars. Shouldn't a company have to tell you if you are signing on for continuing charges? Some months I don't even have an extra 68 dollars. I don't even have my bills automatically taken out of my bank account. I would never sign up for something like this. Shamefully underhanded way of doing business!!!

Was this review helpful?   Yes   No

«   | 1 |   2   »

## Customer Complaints Summary

109 complaints closed with BBB in last 3 years | 35 closed in last 12 months

| Complaint Type | Total Closed Complaints |
| --- | --- |
| Advertising / Sales Issues | 12 |
| Billing / Collection Issues | 32 |
| Delivery Issues | 2 |
| Guarantee / Warranty Issues | 3 |
| Problems with Product / Service | 60 |
| Total Closed Complaints | 109 |

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GREAT HEALTHWORKS, INC., a Florida Corporation,  and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JEAN BOYER, individually and on behalf of all others similarly situated

<table>
<tr><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/09/2017** at 12:29:42 PM

Clerk of the Superior Court
By Patrick Gonzaga, Deputy Clerk
</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego Superior Court
Central - Hall of Justice
330 West Broadway
San Diego, CA 92101
</td><td>

CASE NUMBER:
*(Número del Caso):*  37-2017-00008453-CU-MC-CTL
</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James T. Hannink (131747) / Zach P. Dostart (255071)
DOSTART HANNINK & COVENEY, LLP, 4180 La Jolla Village Dr., Ste. 530, La Jolla, CA 92037
Tel: (858) 623-4200   Fax: (858) 623-4299

<table>
<tr><td>

DATE:
*(Fecha)*   03/10/2017
</td><td>Clerk, by
*(Secretario)*   *P. Gonzaga*
</td><td>, Deputy
*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Great Healthworks, Inc., a Florida corporation
   under:   ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT A

# Part 2
# State Court File

# SUPERIOR COURT OF CALIFORNIA
# County of SAN DIEGO

**Register of Actions Notice**

| | | | |
|---|---|---|---|
| Case Number: | 37-2017-00008453-CU-MC-CTL | Filing Date: | 03/09/2017 |
| Case Title: | Boyer vs Great Healthworks Inc [E-FILE] | Case Age: | 33 days |
| Case Status: | Pending | Location: | Central |
| Case Category: | Civil - Unlimited | Judicial Officer: | Judith F. Hayes |
| Case Type: | Misc Complaints - Other | Department: | C-68 |

## Future Events

| Date | Time | Department | Event |
|---|---|---|---|
| 09/08/2017 | 09:30 AM | C-68 | Civil Case Management Conference - Complaint |

## Participants

| Name | Role | Representation |
|---|---|---|
| Boyer, Jean | Plaintiff | Dostart, Zach P; HANNINK, JAMES T |
| Great Healthworks Inc | Defendant | |

## Representation

| Name | Address | Phone Number |
|---|---|---|
| DOSTART, ZACH  P | DOSTART HANNINK & COVENEY LLP 4180 La Jolla Village Dr 530 La Jolla CA 92037 | (858) 623-4200 |
| HANNINK, JAMES  T | 4180 La Jolla Village Drive 530 La Jolla CA 92037 | |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 03/09/2017 | Complaint filed by Boyer, Jean. Refers to: Great Healthworks Inc | Boyer, Jean (Plaintiff) |
| 2 | 03/09/2017 | [A document for ROA# 2] | |
| 2 | 03/09/2017 | Civil Case Cover Sheet filed by Boyer, Jean. Refers to: Great Healthworks Inc | Boyer, Jean (Plaintiff) |
| 3 | 03/09/2017 | Original Summons filed by Boyer, Jean. Refers to: Great Healthworks Inc | Boyer, Jean (Plaintiff) |
| 4 | 03/09/2017 | Declaration - Other filed by Boyer, Jean. Refers to: Great Healthworks Inc | Boyer, Jean (Plaintiff) |
| 5 | 03/10/2017 | Summons issued. | |
| 6 | 03/09/2017 | Case assigned to Judicial Officer Hayes, Judith. | |
| 7 | 03/10/2017 | Civil Case Management Conference scheduled for 09/08/2017 at 09:30:00 AM at Central in C-68 Judith F. Hayes. | |
| 8 | 03/10/2017 | Case initiation form printed. | |
| 9 | 03/29/2017 | Proof of Service filed by Boyer, Jean; Boyer, Jean. | Boyer, Jean (Plaintiff); Boyer, Jean (Plaintiff) |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| James T. Hannink (131747) Zach Dostart (255071)<br>DOSTART HANNINK & COVENEY, LLP<br>4180 La Jolla Village Dr., Ste. 530<br>La Jolla, CA 92037<br>TELEPHONE NO. (858) 623-4200   FAX NO. (858) 623-4299<br>ATTORNEY FOR *(Name)*: Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**03/09/2017** at 12:29:42 PM<br><br>Clerk of the Superior Court<br>By Patrick Gonzaga, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central - Hall of Justice

CASE NAME: BOYER v. GREAT HEALTHWORKS, INC., et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 37-2017-00008463-CU-MC-CTL |
|---|---|---|
| ☒ Unlimited ☐ Limited<br>(Amount      (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Judith F. Hayes<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☒ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☒ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☒ Large number of witnesses
   b. ☒ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. ☒ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify)*: False Advertising; Violation of Cal. Consumer Legal Remedies Act; Unfair Competit.
5. This case ☒ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 9, 2017
Zach P. Dostart
_____          ► _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]          **CIVIL CASE COVER SHEET**          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

1  JAMES T. HANNINK (131747)
   jhannink@sdlaw.com
2  ZACH P. DOSTART (255071)
   zdostart@sdlaw.com
3  DOSTART HANNINK & COVENEY LLP
   4180 La Jolla Village Drive, Suite 530
4  La Jolla, California 92037-1474
   Tel: 858-623-4200
5  Fax: 858-623-4299

6  Attorneys for Plaintiff

7

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/09/2017** at 12:29:42 PM

Clerk of the Superior Court
By Patrick Gonzaga, Deputy Clerk

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN DIEGO

10

11  JEAN BOYER, individually and on behalf of     CASE NO.   37-2017-00008463-CU-MC-CTL
    all others similarly situated,
12
                 Plaintiff,                       **DECLARATION OF JEAN BOYER**
13                                                **PURSUANT TO CALIFORNIA CIVIL**
    vs.                                           **CODE SECTION 1780(d)**
14
    GREAT HEALTHWORKS, INC., a Florida
15  corporation; and DOES 1-50, inclusive,

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JEAN BOYER PURSUANT TO CAL. CIVIL CODE §1780(d)

I, Jean Boyer, declare as follows:

1.      I submit this declaration pursuant to Section 1780(d) of the California Civil Code.

2.      Defendant Great Healthworks, Inc. ("GHW") has done and is doing business in San Diego County, including the marketing and selling of products on television and over the telephone. While in San Diego County, I purchased products from GHW, but without my authorization, consent, or knowledge, GHW entered me into an automatically renewing monthly membership program.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on March _9_, 2017, at _JAN DIEGO_, California.


_Jean Boyer_
Jean Boyer

801346.1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:    330 W Broadway
MAILING ADDRESS:   330 W Broadway
CITY AND ZIP CODE:   San Diego, CA 92101-3827
BRANCH NAME:    Central
TELEPHONE NUMBER:  (619) 450-7068

PLAINTIFF(S) / PETITIONER(S):   Jean Boyer

DEFENDANT(S) / RESPONDENT(S):  Great Healthworks Inc

BOYER VS GREAT HEALTHWORKS INC [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2017-00008453-CU-MC-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Judith F. Hayes                             Department: C-68

### COMPLAINT/PETITION FILED: 03/09/2017

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 09/08/2017 | 09:30 am | C-68 | Judith F. Hayes |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2017-00008453-CU-MC-CTL        CASE TITLE: Boyer vs Great Healthworks Inc [E-FILE]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
                **(1)** this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
                **(2)** the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
                **(3)** the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
  • In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
  • In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Jean Boyer |
|---|
| DEFENDANT(S): Great Healthworks Inc |
| SHORT TITLE: BOYER VS GREAT HEALTHWORKS INC [E-FILE] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2017-00008453-CU-MC-CTL |
|---|---|

Judge: Judith F. Hayes                                        Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                                   ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                       ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____            Date: _____

_____            _____
Name of Plaintiff                                            Name of Defendant

_____            _____
Signature                                                       Signature

_____            _____
Name of Plaintiff's Attorney                              Name of Defendant's Attorney

_____            _____
Signature                                                       Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  03/10/2017                                _____
                                                              JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

1   JAMES T. HANNINK (131747)
    jhannink@sdlaw.com
2   ZACH P. DOSTART (255071)
    zdostart@sdlaw.com
3   DOSTART HANNINK & COVENEY LLP
    4180 La Jolla Village Drive, Suite 530
4   La Jolla, California 92037-1474
    Tel:  858-623-4200
5   Fax: 858-623-4299

6   Attorneys for Plaintiff

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN DIEGO

10

11  JEAN BOYER, individually and on behalf of        CASE NO. 37-2017-00008453-CU-MC-CTL
    all others similarly situated,
12                                                    **PROOF OF PERSONAL SERVICE**
                    Plaintiff,
13
    vs.
14                                                    Judge:    Hon. Judith F. Hayes
    GREAT HEALTHWORKS, INC., a Florida                Dept.:    C-68
15  corporation; and DOES 1-50, inclusive,
                                                      Action Filed:    March 9, 2017
16                  Defendant.                        Trial Date:      None set

17

18

19

20

21

22

23

24

25

26

27

28

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
03/29/2017 at 11:21:00 AM
Clerk of the Superior Court
By E-Filing,Deputy Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Zachariah Dostart, 255071<br>Dostart Hannink & Coveney LLP<br>4180 La Jolla Village Drive, Suite 530<br>Imperial Beach, CA 92037<br>TELEPHONE NO.: (858) 6234285<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, San Diego County
330 W. Broadway
San Diego, CA 92101-3409

| PLAINTIFF/PETITIONER: Jean Bover | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Great Healthworks. Inc. | 37-2017-00008453-CU-MC-CTL |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.<br>17120-1 |
|---|---|

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Class Action Complaint, Civil Case Cover Sheet, Summons, Declaration of Jean Boyer Pursuant to California Civil Code Section 1780(d), Notice of Case Assignment SD, Stipulation to Alternative Dispute Resolution Process SD, Notice to Litigants SD

3. a. Party served: Great Healthworks, Inc., a Florida corporation

 b. Person Served: Vickie Carcaise, Registered Agent - Person Authorized to Accept Service of Process

4. Address where the party was served: 4150 SW 28th Way

 Fort Lauderdale, FL 33312

5. I served the party
 a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 03/13/2017      (2) at (time): 11:50AM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

 d. on behalf of:

Great Healthworks, Inc., a Florida corporation
under: CCP 416.10 (corporation)

7. **Person who served papers**
 a. Name:     Sandra Quinones
 b. Address:   One Legal - 194-Marin
      504 Redwood Blvd #223
      Novato, CA 94947

 c. Telephone number: 415-491-0606
 d. The fee for service was: $ 249.95
 e I am:
  (1) Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Date: 03/28/2017

Sandra Quinones
(NAME OF PERSON WHO SERVED PAPERS)

*Sandra Quinones*
(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 10918863

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SHANNON Z. PETERSEN, Cal. Bar No. 211426
MARK G. RACKERS, Cal. Bar No. 254242
LISA S. YUN, Cal. Bar No. 280812
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:  619.234.3815
E mail      spetersen@sheppardmullin.com
            mrackers@sheppardmullin.com
            lyun@sheppardmullin.com

Attorneys for Defendant
GREAT HEALTHWORKS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN BOYER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>GREAT HEALTHWORKS, INC., a Florida corporation; and DOES 1-50, inclusive,<br><br>        Defendants. | Case No. **'17 CV 0734 JAH  WVG**<br>(Removed from San Diego Superior Court, Case No. 37-2017-00008453-CU-MC-CTL)<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF ANDREW LABARBERA IN SUPPORT OF GREAT HEALTHWORKS, INC.'S REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT** |

I, ANDREW LABARBERA, state and declare that:

1.      I am the Chief Financial Officer ("CFO") for Great HealthWorks, Inc. ("GHW").  I am authorized to make this declaration on behalf of Defendant GHW in support of its Notice of Removal.

2.      In my capacity as CFO, I am responsible for overseeing financial data relating to GHW.  I am familiar with the procedures by which sales figures,

-1-

DECLARATION IN SUPPORT OF GREAT HEALTHWORKS' REMOVAL
UNDER THE CLASS ACTION FAIRNESS ACT

1   records and related documents are prepared and maintained.  I regularly direct GHW

2   employees to conduct searches and craft financial reports and I regularly review

3   those reports.  GHW'S sales figures, records and related documents referenced

4   herein were made either by persons with knowledge of the matters recorded or from

5   information supplied by persons with such knowledge, and were made at or about

6   the time of the event recorded.  It is GHW's practice to maintain such sales figures,

7   records and related documents in the regular course of its business.  The documents

8   and records referenced in this declaration are business records that are prepared,

9   produced and maintained in the above-described manner.  I have reviewed the

10  records referenced in this declaration, and except as otherwise specifically stated in

11  this Declaration, the facts set forth herein are based on personal knowledge and/or

12  personal knowledge obtained from my review of GHW's documents and records

13  and, if called as a witness, I could and would be competent to testify to these facts.

14

15          3.      GHW is a corporation, incorporated in Nevada and registered to

16  do business in the State of Florida, with its principal place of business in Fort

17  Lauderdale, Florida.

18

19          4.      In Plaintiff Jean Boyer's complaint, she complains that GHW

20  failed to provide her and members of the putative class with information relating to

21  the company's automatic renewal program in a clear and conspicuous manner and

22  charged consumers' credit or debit cards for the automatic renewal without first

23  obtaining their consent.

24

25          5.      Ms. Boyer asserts in her complaint that she is the class

26  representative of the following proposed class of similarly situated individuals: "All

27  individuals in California who, within the statute of limitations period, have had a

28  credit card, debit card, and/or a third-party payment account charged by Defendants

-2-

1  as part of an automatic renewal program or a continuous service program."

2  Complaint, ¶ 18.

3

4       6.    Plaintiff alleges that she seeks restitution of "all amounts that

5  Defendants charged to Plaintiff's and Class members' credit cards, debit cards, or

6  third-party payment accounts during the four years preceding the filing of this

7  Complaint[.]"  Complaint, ¶ 35; prayer for relief.

8

9       7.    In response to Ms. Boyer's allegations, I conducted a preliminary

10  investigation of Ms. Boyer's claims and I directed GHW personnel to conduct a

11  similar investigation.  As a result of our preliminary investigation and review of

12  GHW'S records, I have determined that California sales from the automatic renewal

13  program exceed $5,000,000 for the last twelve months alone.

14

15       I declare under penalty of perjury under the laws of the United States of

16  America that the facts stated in this declaration are true and correct.

17

18       Executed on April 4, 2017, at Fort Lauderdale, Florida.

19

20

21                  ANDREW LABARBERA

22

23

24

25

26

27

28

-3-

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   SHANNON Z. PETERSEN, Cal. Bar No. 211426
3  MARK G. RACKERS, Cal. Bar No. 254242
   LISA S. YUN, Cal. Bar No. 280812
4  501 West Broadway, 19th Floor
   San Diego, California 92101-3598
5  Telephone:   619.338.6500
   Facsimile:   619.234.3815
6  E mail       spetersen@sheppardmullin.com
                mrackers@sheppardmullin.com
7               lyun@sheppardmullin.com

8  Attorneys for Defendant
   GREAT HEALTHWORKS, INC.
9

10              UNTED STATES DISTRICT COURT

11           SOUTHERN DISTRICT OF CALIFORNIA

12

13  JEAN BOYER, individually and on         Case No. '17 CV 0734 JAH WVG
    behalf of all others similarly situated,
14                                           CLASS ACTION
              Plaintiff,
15                                           PROOF OF SERVICE
         v.
16
    GREAT HEALTHWORKS, INC.,
17  a Nevada corporation; and DOES 1-50,
    inclusive,
18
              Defendants.
19

20

21

22

23

24

25

26

27

28

                                                     Case No. _____ )
SMRH:482369378.1                                     PROOF OF SERVICE

*Boyer v. Great Healthworks*
U.S. District Court, Southern District of California
(Removed from San Diego Superior Court, Case No. 37-2017-0008453-CU-MC-CTL)

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Diego, State of California. My business address is 501 West Broadway, 19th Floor, San Diego, CA 92101-3598.

On April 12, 2017, I served true copies of the following document(s) described as

**GREAT HEALTHWORKS, INC.'S NOTICE OF REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT**

**CIVIL COVER SHEET**

**DEFENDANT'S NOTICE OF PARTIES WITH FINANCIAL INTEREST PER CIVIL LOCAL RULE 40.2 AND RULE 7.1 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**DECLARATION OF ANDREW LABARBERA IN SUPPORT OF GREAT HEALTHWORKS, INC.'S REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT**

on the interested parties in this action as follows:

| | |
|---|---|
| James T. Hannink, Esq.<br>Zach P. Dostart, Esq.<br>Dostart Hannink & Coveney LLP<br>4180 La Jolla Village Drive, Suite 530<br>La Jolla. CA 92037-1474 | Attorneys for Plaintiff Jean Boyer<br>Tel 858-623-4200; Fax 858-623-4299<br>jhannink@sdlaw.com;<br>zdostart@sdlaw.com |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 12, 2017, at San Diego, California.

*Pamela Parker*

PAMELA PARKER

Case No. _____

SMRH:482369378.1

PROOF OF SERVICE